# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-3426

RANDY J. LECHNER,

*Petitioner-Appellant,*

v.

MATTHEW J. FRANK, SECRETARY,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99 C 1062—**Thomas J. Curran**, *Judge.*

———————

ARGUED MAY 21, 2003—AUGUST 22, 2003

———————

Before FLAUM, *Chief Judge*, and POSNER and MANION,
*Circuit Judges.*

MANION, *Circuit Judge.* Randy Lechner was convicted in
state court pursuant to his plea of no contest to second-
degree reckless homicide, homicide by intoxicated use of
vehicle, causing great bodily harm by intoxicated use of ve-
hicle, causing injury by intoxicated use of vehicle, and two
counts of second-degree recklessly endangering the safety
of another. A Wisconsin state court then sentenced him to 30
years' imprisonment. Following rejection of his petition for
state post-conviction relief, Lechner sought federal habeas
relief. The district court denied his writ and we affirm.

## I.

Randy Lechner, a prisoner in Wisconsin custody, is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 4, 1994, Lechner drove his vehicle across the center line of a freeway to pass another vehicle. He collided head-on with a northbound vehicle driven by Jan Pinney. The collision caused significant injuries to Jan and to her daughter, Heather Pinney, and it killed her seven-year-old son Robert Pinney. Lechner was arrested later that day and taken into custody. A post-arrest blood test showed that Lechner had a blood alcohol concentration of 0.142%, a level above the legal limit for operating a motor vehicle.

Lechner entered no contest pleas to the following offenses: (1) second-degree reckless homicide, in violation of Section 940.06 of the Wisconsin Statutes; (2) homicide by intoxicated use of a vehicle, in violation of Section 940.09 (1)(a) of the Wisconsin Statutes; (3) causing great bodily harm by intoxicated use of a vehicle, in violation of Section 346.63(2)(a) of the Wisconsin Statutes; and (4) two counts of second-degree recklessly endangering the safety of another, in violation of Section 941.30(2) of the Wisconsin Statutes.

At the sentencing hearing, the Wisconsin circuit court sentenced Lechner to the maximum sentence on each count, with the sentences to run consecutively, for a total prison sentence of 30 years. After the sentence was imposed, Lechner filed a post-conviction motion in Wisconsin state court challenging his convictions and his sentence. In challenging his sentence, Lechner argued that the circuit court violated his right to due process by relying on inaccurate information contained in his pre-sentence report ("PSR"). Lechner also argued that his separate convictions and consecutive sentences for reckless homicide and homicide by intoxicated use of a vehicle constituted double jeopardy. Lechner received no relief in state court, *State v.*

*Lechner*, 576 N.W.2d 912 (Wis. 1998), and timely filed this habeas petition. The district court denied his petition and he appeals.

**II**.

We first address Lechner's contention that the state court violated his due process rights by relying on erroneous information in his pre-sentence report. In reviewing a district court's ruling on a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its rulings on issues of law de novo. *Rittenhouse v. Battles*, 263 F.3d 689, 695 (7th Cir. 2001). In his habeas petition, Lechner bears the burden of showing that the Wisconsin Supreme Court rejected his constitutional challenges in a manner that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on the unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). *See Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). Finally, issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Against this backdrop we consider Lechner's argument that his rights to due process were violated because the trial court erroneously relied on information in his pre-sentence report that indicated that Lechner had four prior criminal convictions when, in fact, he had just one prior conviction

and three prior arrests.[1] The parties do not dispute that the criminal record information before the state sentencing court in Lechner's case was inaccurate. The error apparently resulted because the FBI-CIB record for Lechner included only his prior arrests and the officer preparing the PSR simply assumed the arrests were convictions.

A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing. *United States v. Tucker*, 404 U.S. 443 (1972)*; United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984). Because the state has conceded the inaccuracies, the only question here is whether the court *relied* on the inaccurate information concerning Lechner's criminal record at sentencing. A sentencing court demonstrates actual reliance on misinformation

---

[1]  In 1980, Lechner was arrested in Illinois and charged with two counts of possession with intent to deliver a controlled substance (cocaine) and two counts of possession with intent to deliver marijuana. Two of the counts were consolidated and two were dismissed, resulting in only one criminal conviction. In 1988, Lechner was arrested in Illinois and charged with battery. According to Lechner, he paid a fine for this offense. His record shows only that the battery charge was dismissed. Finally, in 1990, Lechner was arrested in Wisconsin for battery. Lechner was charged only with a violation of a misdemeanor disorderly conduct ordinance. Lechner pleaded no contest to this ordinance violation, paid a fine, and was ordered by the court to attend an "Alternatives to Aggression" program. According to the pre-sentence report, Lechner admitted that alcohol or drug use played a part in both battery arrests, however he later disputed this admission. *Lechner*, 576 N.W.2d at 925-26 n.14.

when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447; see also *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (reversing sentence violating due process because it relied upon "materially untrue" assumptions).

The Wisconsin Supreme Court reviewed the sentencing transcript and determined, in a finding of fact, that the district court did not rely on the convictions in arriving at the sentence. *Lechner*, 576 N.W.2d at 927. In reaching this conclusion, the court noted that while the circuit court did specifically refer to the inaccurate information contained in the pre-sentence report when considering the character of the defendant, that reference to Lechner's prior convictions was "no more than the court identifying individual episodes amounting to 'warning signals [of a problem with drugs and alcohol] of which the defendant should have been aware.' " *Id.* at 926. The court also noted that the circuit court also included as warning signals Lechner's long history of drug and alcohol use, his participation in an aggression treatment program, and his failure to complete a treatment program for alcohol abuse. This demonstrates, the court reasoned, that the reference to the convictions was not made because the court found the convictions themselves important, but because the behavior that led to the crimes demonstrated warning signals. The court's analysis of this issue comported with the correct due process considerations set forth in *Tucker*, 404 U.S. at 447, and therefore it was not contrary to federal law. *See Williams*, 529 U.S. at 402-03; *Lechner*, 576 N.W. 2d at 925. Because the court proceeded under the appropriate legal standard, we next turn to whether the Wisconsin Supreme Court's application of the law to the facts was unreasonable.

In fact, there is no indication in the record that the circuit court founded its sentence at least in part on these *convic-*

*tions*, or gave specific consideration to the fact that he was convicted for these acts. Lechner does not contest his arrests for the conduct in question and fines paid for the illegal conduct and attended aggression treatment programs. Therefore, Lechner's argument boils down to whether the mere reference to an inaccurate criminal history dur-ing sentencing, despite the existence of the underlying conduct, constitutes reliance under the *Tucker* standard. Lechner maintains that it does, relying on *United States, ex rel. Welch v. Lane*. In *Welch,* we held that a judge's spe-cific, but erroneous, discussion of a previous conviction for armed robbery was an unconstitutional factor in his sentencing when the previous conviction was only for robbery. *Welch*, 738 F.2d 865. However, this case is distinguishable because in *Welch*, the sentencing judge specifically mentioned that he was increasing the defendant's sentence due to the fact that the defendant's prior conviction was for armed robbery and that armed robbery was a serious offense. Conversely, in this case, the sentencing judge drew no such specific attention to number of the convictions but merely that the arrests themselves should have been warning signs of undesirable behavior: i.e., drug and alcohol abuse. In fact, during sentencing the judge specifically mentioned that these acts, and others, should have constituted "wakeup calls" for Lechner to change his behavior. That is true whether Lechner was convicted of the offenses or not.

Therefore, while Lechner does show that the circuit court mentioned the convictions, he does not propound clear and convincing evidence that demonstrates that the Wisconsin Supreme Court unreasonably found that the district court did not rely on those convictions in sentencing. Moreover, it was eminently reasonable for the sentencing judge to consider this underlying conduct, given that it was alcohol abuse that caused the death of Robert Pinney. A post-arrest blood test showed that Lechner had a blood alcohol level

well above the legal limit. While under the influence, Lechner was driving at a speed roughly 20 miles over the posted limit and crossed the center line twice to pass another car. When he crossed the center line a third time, he collided head-on with Jan Pinney's vehicle. Under these circumstance we cannot say that the Wisconsin Supreme Court acted unreasonably in finding that the circuit court did not rely on the erroneous sentencing report in sentencing Lechner, and therefore his due process claim fails.

Next, we turn to Lechner's argument that the Double Jeopardy Clause of the Fifth Amendment, as incorporated against the states by the Fourteenth Amendment, bars his convictions and sentences for both second-degree reckless homicide, in violation of Section 940.06 of the Wisconsin Statutes, and for intoxicated vehicular homicide, in violation of Section 940.09 of the Wisconsin Statutes.[2]

The imposition of more than one conviction for the same criminal act violates the Double Jeopardy Clause of the Fifth Amendment. *Schiro v. Farley*, 510 U.S. 222, 229 (1994). The Supreme Court held in *Missouri v. Hunter*, 459 U.S. 359, 368 (1982), that where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of

---

[2] Sections 940.06(1) and 940.09 of the Wisconsin Statutes provide that:

940.06. Second-degree reckless homicide

(1) Whoever recklessly causes the death of another human being is guilty of a Class C felony.

940.09. Homicide by intoxicated use of vehicle or firearm

(1) Any person who does any of the following is guilty of a Class C felony:

(a) Causes the death of another by the operation or handling of a vehicle while under the influence of an intoxicant.

whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial." First and foremost, both parties agree that there is no double jeopardy concern under the traditional *Blockburger* analysis. *Blockburger v. United States*, 284 U.S. 299, 304, (1932). To overcome the *Blockburger* hurdle, the two offenses each must require proof of an element that the other does not. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Pursuant to that analysis it is clear that the two statutes have independent elements: Reckless homicide requires proof of recklessness, and intoxicated vehicular homicide requires proof of intoxication and use of a motor vehicle. Morever, the Wisconsin Supreme Court noted that Lechner's conduct independently satisfied the requirements for each of theses statutes at separate times, and Lechner has not provided clear and convincing evidence otherwise. *Lechner*, 576 N.W. 2d at 921-23. However, Lechner argues that his sentence constitutes double jeopardy because the Wisconsin legislature did not intend multiple punishments for his conduct, as evinced by Wisconsin Statute § 939.66(2). Wisconsin Statute § 939.66 provides:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> * * *
>
> (2) A crime which is a less serious type of criminal homicide than the one charged.

He argues that § 939.66 applies to his conviction because intoxicated vehicular homicide is a more serious offense than reckless homicide. He admits that although both

statutes carry the same maximum prison term as Class C felonies, he faces an additional $250.00 fine and loss of his driver's license under intoxicated vehicular homicide.

Because Lechner's argument hinges on an interpretation of state law, we are fortunate to have the Wisconsin Supreme Court's interpretation of the statute. "State courts are the ultimate expositors of their own state's laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances . . . ." *Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987) (citing *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. 1981)). *See also Schlesinger v. Councilman*, 420 U.S. 738, 755 (1975) (state court "alone can define and interpret state law"). The Wisconsin Supreme Court ruled that the legislature did not intend to prohibit multiple prosecutions for *equally* serious crimes and that prison terms were the controlling factors in making the two crimes equally serious. *Lechner*, 576 N.W.2d at 920. Then, the Wisconsin Supreme Court specifically rejected Lechner's argument that the maximum penalties for the two crimes are different because intoxicated use of a motor vehicle is also punished by revocation of driving privileges and a surcharge for a driver assessment program. *Id.* at 922. The court noted that the legislature enacted the two statutes to protect distinct public interests and concluded by stating that: "The different conduct proscribed by and the different purposes of the reckless homicide and homicide by intoxicated use of a vehicle statutes further convince us that the legislature intended multiple convictions and punishments for those offenses." *Id.* at 922.

This is fatal to Lechner's claim. Federal habeas corpus relief does not lie for errors of state law, *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and we are bound by the state court's interpretations of state law. *See, e.g., Wainwright*

*v. Goode*, 464 U.S. 78, 84 (1983). Violations of state laws are cognizable only if they resulted in fundamental unfairness and consequently violate a petitioner's constitution-al rights. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conduct-ing habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). This interpretation of state law is not fundamentally unfair. *See, e.g., Helvering v. Mitchell*, 303 U.S. 391, 404 (1938) (civil penalty for fraud does not violate the Double Jeopardy Clause). The two stat-utes can be reasonably seen to be equally serious, and therefore his multiple punishments do not violate state law nor does the interpretation of the law violate Lechner's right against double jeopardy. Therefore, because Lechner also does not have a constitutional claim under the *Blockburger* test, his habeas petition for double jeopardy violation must fail.

## III.

For the foregoing reasons, we AFFIRM the district court.

A true Copy:

  Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*