**Timothy Scott Bailey SMITH,**
**Petitioner,**

v.

**State of WISCONSIN, Respondent.**

No. 05–C–653–C.

United States District Court,
W.D. Wisconsin.

Nov. 15, 2005.

Timothy Scott Bailey Smith, Pro se.

Gregory M. Weber, Assistant Attorney General, Madison, WI, for Respondent.

## ORDER

CRABB, District Judge.

Timothy Scott Bailey Smith has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the petition and its attachments that petitioner is not entitled to relief on any of his claims, the petition will be dismissed.

The following alleged facts are drawn from the petition and the Wisconsin Supreme Court's decision in *State v. Smith*, 2005 WI 104, 283 Wis.2d 57, 699 N.W.2d 508 (2005).

## ALLEGATIONS OF FACT

Petitioner and Denise Smith were married in 1977. They had three children. In 1989, they were divorced by the Belfast District Court in Belfast, Maine. The divorce judgment did not order petitioner to pay child support. However, pursuant to a stipulation by petitioner, a child support order was entered in 1992 by the superior court of Sagadahoc County, Maine.

On October 12, 1999, petitioner was charged in Green County with two felony counts of failure to pay child support, contrary to Wis. Stat. § 948.22(2). Wisconsin Stat. § 948.22(2) provides that "[a]ny person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the person is legally obligated to provide is guilty of a . . . felony." The statute defines "child support" to include "an amount which a person is ordered to provide for support of a child by a court of competent jurisdiction in this state or in another state . . . ." Wis. Stat. § 948.22(1)(a).

Petitioner was arrested in Florida on Wisconsin's warrant. After extradition proceedings, a Florida circuit court ordered that petitioner return to Wisconsin. In Wisconsin, petitioner attempted to fight the charges by arguing that the order of the Sagadahoc County court was invalid. He contended that his attack on the Maine order was appropriate as a defense to the state's claim that he knew or reasonably should have known that he was legally obligated to pay child support. The circuit court rejected petitioner's argument, concluding that whether the Maine order was valid was a legal question for the court, not the jury. It concluded that it would give "full faith and credit" to the Maine order and it would not allow Smith to collaterally attack the order.

At trial, the court admitted a copy of a certified copy of the Maine child support order, rejecting petitioner's contention that the document had not been properly authenticated. The jury found petitioner guilty of both counts of failure to pay child support.

Petitioner appealed his conviction to the Wisconsin Court of Appeals. He contended that the trial court had erred in refusing to instruct the jury that to convict petitioner, it had to find that the child support order upon which the charges were based had been issued by a court of competent jurisdiction. In addition, he argued that the court had erroneously exercised its discretion by admitting an unauthenticated copy of the child support order into evidence. The court of appeals agreed and reversed the conviction. The state then petitioned the Wisconsin Supreme Court for review. That court granted the state's petition.

The state supreme court reversed the court of appeals. First, it concluded that the question whether a "court of competent jurisdiction" had ordered petitioner to pay child support was not an element of the crime of failure to pay child support.

*Smith,* 2005 WI 104, ¶¶ 14–16, 699 N.W.2d 508. Accordingly, the court found that the circuit court's failure to submit that question to the jury did not deprive petitioner of his constitutional right to have the jury decide whether the state had proved all the elements of the crime beyond a reasonable doubt. *Id.* at ¶ 16, 699 N.W.2d 508. Second, the supreme court concluded that deciding whether a "court of competent jurisdiction" had issued the underlying child support order was a question of law to be determined by the court. *Id.* at ¶ 20, 699 N.W.2d 508. Finally, it rejected petitioner's claim that a copy of the Maine order should not have been admitted into evidence because it was not properly authenticated as required by 28 U.S.C. § 1738. *Id.* at ¶¶ 29–30, 699 N.W.2d 508. Although the court acknowledged that the state did not present a judge's certification that the Maine clerk's attestation was in proper form, as required by the federal statute, the court concluded that the evidence was admissible so long as it was authenticated in accordance with state law. *Id.* at ¶ 30, 699 N.W.2d 508. Because the order had been so authenticated, it was properly admitted. *Id.* at ¶ 33, 699 N.W.2d 508.

### DISCUSSION

■ In his federal habeas petition, petitioner contends that his custody is unlawful because 1) errors were committed during the Florida extradition proceedings; 2) the evidence was insufficient to support his conviction because a copy of the Maine order was not properly authenticated under 28 U.S.C. § 1738; and 3) his appellate lawyer was ineffective for his "failure/refusal to research and/or argue the controlling federal aspect of Title 28 U.S.C. § 1738, as it relates to the 'alleged order'" and for failing to cite two cases to the state supreme court. It is plain from the petition that petitioner cannot obtain relief on any of these claims.

Petitioner's challenge to the lawfulness of his extradition as a basis for overturning his conviction is foreclosed by the Supreme Court's decisions in *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952) and *Ker v. Illinois,* 119 U.S. 436, 441, 7 S.Ct. 225, 30 L.Ed. 421 (1886) (collectively the "*Ker–Frisbie* doctrine"). In those cases, the Court established the rule that the manner in which a defendant is brought to trial does not affect the ability of the government to try him. The Court of Appeals for the Seventh Circuit has declined to create any exceptions to this doctrine. *See Matta–Ballesteros v. Henman,* 896 F.2d 255, 263 (7th Cir.1990) (declining to create exception where petitioner was tortured).

■ Petitioner's claim that a copy of the Maine child support was not properly admitted at his trial because it was not authenticated in accordance with 28 U.S.C. § 1738 also fails to warrant habeas relief. 28 U.S.C. § 1783 provides in relevant part:

The records and judicial proceedings of any court of any ... State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

■ As he did in the state courts, petitioner contends that, pursuant to 28 U.S.C. § 1738, the Maine court order should not have been admitted without a judge's certification that the Maine court's clerk's attestation was in proper form. Questions concerning the admissibility of evidence in state court are matters of state law that ordinarily do not present federal questions cognizable in a federal habeas action. *Rice v. McCann,* 339 F.3d 546, 549 (7th Cir.2003). Moreover, 28 U.S.C. § 1738

contains no language prohibiting a state court from admitting into evidence another state's records of judicial proceedings upon a lesser showing of authenticity than required by the statute. As the Court of Appeals for the Fifth Circuit explained:

> 28 U.S.C. § 1738 ... was enacted to implement the full, faith, and credit clause of the United States Constitution by providing a way of exemplifying the records of judicial proceedings held in one state so that such records would be admissible in later judicial proceedings held in another state. Thus, this statute merely means full, faith, and credit must be given if certain requirements are met. However, evidence of judicial proceedings may be admissible if less is shown than the statute requires when it conforms to the rules of evidence of the state where the trial is being held.

*Donald v. Jones*, 445 F.2d 601, 606 (5th Cir.1971). The state court found that the court order had been properly authenticated under Wisconsin law. The state's failure to require the additional judicial certificate described in 28 U.S.C. § 1738 simply does not give rise to a claim that would entitle petitioner to habeas relief.

■ As for petitioner's ineffective assistance of appellate counsel claim, a review of the decisions by the state court of appeals and supreme court shows that appellate counsel did in fact raise the 28 U.S.C. § 1738 issue. In addition, he argued that petitioner should have been allowed to collaterally attack the validity of the Maine child support order. Thus, there is no foundation to petitioner's claim that counsel failed to raise these issues. Counsel's alleged failure merely to mention on appeal two cases petitioner thought were important does not give rise to a colorable claim of ineffective assistance of counsel. *See Lee v. Davis*, 328 F.3d 896, 900–01 (7th Cir.2003) (appellate counsel's performance deficient if he or she fails to argue issue that is "both obvious and clearly stronger" than issues raised) (citations omitted).

■ Finally, I note that it does not appear from the petition that petitioner is pursuing his claim that whether the underlying child support order had been issued by a "court of competent jurisdiction" was an element of the crime that had to be decided by a jury. However, even if petitioner had raised this claim, it would not be the proper subject of a federal habeas petition. Petitioner has no constitutional claim unless the "court of competent jurisdiction" requirement is an element of the crime in Wisconsin of failure to pay child support. The Wisconsin Supreme Court concluded from its examination of the statute and the jury instructions that it was not. That determination was purely a matter of state law that this court may not disturb. *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir.1991) ("What is essential to establish an element, like the question whether a given element is necessary, is a question of state law.") "State courts are the ultimate expositors of their own states' laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances ...". *Lechner v. Frank*, 341 F.3d 635 641 (7th Cir.2003) (quoting *Cole v. Young*, 817 F.2d 412, 416 (7th Cir.1987)). Accordingly, any challenge to the state court's interpretation of Wis. Stat. § 948.22(2) would not present a claim under 28 U.S.C. § 2254.

### ORDER

IT IS ORDERED that the petition of Timothy Scott Bailey Smith for a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH

PREJUDICE under Rule 4 of the Rules Governing Section 2254 Cases.