STATE of Wisconsin,
Plaintiff-Respondent,

v.

David R. KASTER,
Defendant-Appellant.†

Court of Appeals

*No. 2005AP1285. Submitted on briefs February 6, 2006.
—Decided March 28, 2006.*

2006 WI App 72

(Also reported in 714 N.W.2d 238.)

† Petition to review denied 8-31-06.

252

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert R. Henak* of *Henak Law Office, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   David Kaster appeals an order denying his postconviction motion. Kaster argues that this court's interpretation of Wis. Stat. § 948.095 on his direct appeal denied him the right to present a defense. Kaster also appeals his disorderly conduct conviction.[1] We disagree with Kaster's arguments and affirm.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

## BACKGROUND

¶ 2.   Kaster was the head coach of the boys' and the girls' varsity swim teams for Ashwaubenon High School during the 1998–99 school year. The terms of Kaster's employment for the season were embodied in separate contracts, one for his duties as the boys' team head coach and one for his duties as the girls' team head coach. In previous years, Kaster and the school district entered into new contracts each year for his employment as coach.

¶ 3.   In February 2001, Kaster was charged with several crimes arising from allegations that he had sexual contact with four members of the girls' team. Two of the charges and subsequent convictions are relevant here. First, Kaster was charged with sexual assault by a school instructional staff person, contrary to Wis. Stat. § 948.095(2). Second, Kaster was charged with disorderly conduct, contrary to Wis. Stat. § 947.01. At trial, Kaster argued he was not "school staff" under § 948.095(2) at the time of the assault. Kaster proposed a jury instruction interpreting "school staff," which instructed that he needed to be under contract at the time of the assault to be found guilty. The judge refused the instruction, and the jury convicted Kaster.

¶ 4.   In his direct appeal, Kaster argued that the trial court erred when it failed to give his proposed jury instruction. We rejected Kaster's argument, stating that the evidence at trial was sufficient to allow the jury to conclude that Kaster was school staff. Kaster did not challenge the disorderly conduct conviction on his direct appeal. Later, Kaster filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06, which the circuit court denied.

¶ 5.  Kaster now argues, given our interpretation of WIS. STAT. § 948.095[2] in his direct appeal, he was denied the right "to present a defense and to a jury verdict on all necessary elements" of the charged offense. Interpretation of a statute is a question of law that we review without deference. *Agnes T. v. Milwaukee*, 189 Wis. 2d 520, 525, 525 N.W.2d 268 (1995). Although the State argues that Kaster is procedurally barred from making these arguments in another appeal, we choose to address Kaster's assertions without determining whether the arguments are procedurally barred. *See In re Trent N.*, 212 Wis. 2d 728, 735–36, 569 N.W.2d 719 (Ct. App. 1997).

¶ 6.  In *State v. Kaster*, 2003 WI App 105, ¶ 10, 264 Wis. 2d 751, 663 N.W.2d 390, Kaster argued that the trial court denied him a defense because it rejected his proposed instruction to the jury that it must find him to be under contract at the time of the assault to be considered school staff. Alternatively, he claimed any services he was providing at the time of the assault

---

[2] In pertinent part, WIS. STAT. § 948.095(2) states:

Whoever has sexual contact or sexual intercourse with a child who has attained the age of 16 years and who is not the defendant's spouse is guilty of a Class D felony if all of the following apply:

(a) The child is enrolled as a student in a school or a school district.

(b) The defendant is a member of the school staff of the school or school district in which the child is enrolled as a student.

School staff is defined in WIS. STAT. § 948.095(1)(b) as:

any person who provides services to a school or a school board, including an employe of a school or a school board and a person who provides services to a school or a school board under a contract.

were voluntary, and volunteers did not fall under WIS. STAT. § 948.095. *Id.*, ¶ 4. In sum, we rejected Kaster's arguments on the basis that his proposed reading of the statute was too narrow. *Id.*, ¶ 16.

¶ 7.   Here, Kaster argues that our interpretation of WIS. STAT. § 948.095 in *Kaster* requires that a defendant must actually be providing services at the time of the alleged sexual contact to be covered by the statute, which he contends is an additional element that we added. Kaster bases his proposition on the following statement in our opinion:  "Finally, we conclude that the evidence at trial was sufficient to allow the jury to conclude that Kaster was providing services to the school or school board when he committed the . . . assault." *Id.*, ¶ 17. Therefore, Kaster asserts, he was "denied his right to present a defense on that element of the offense" because he "was not on notice of [our] interpretation of the statute at the time of the trial . . . ."

██

¶ 8.   Because the statute put Kaster on notice that a conviction required that he be providing services at the time of the alleged sexual contact, we reject his argument. In *Kaster*, we addressed Kaster's contention that the statute did not cover him because he was not school staff. The foregoing quote that Kaster highlights did not create an additional element but instead provided a description of Kaster's relationship with the school for the purpose of analyzing whether Kaster was school staff. *Id.* Our goal was simply to further parse the definition of school staff and its application to Kaster. Thus, we reject Kaster's argument that he was denied the right to present a defense and that we should exercise our discretionary reversal authority under WIS. STAT. § 752.35.

¶ 9. Kaster next argues that the evidence was legally insufficient to sustain the disorderly conduct charge. WISCONSIN STAT. § 974.06(4), postconviction procedure, states:

> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Kaster has not demonstrated a "sufficient reason" under § 974.06(4) to overcome the fact that he failed to raise his challenge on direct appeal. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–84, 517 N.W.2d 157 (1994). Thus, Kaster is procedurally barred from raising the disorderly conduct conviction now.

*By the Court.*—Order affirmed.