In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 06-2777

ASHER B. HILL,

*Petitioner-Appellant*,

*v.*

BILL WILSON, SUPERINTENDENT,
WESTVILLE CORRECTIONAL FACILITY,

*Respondent-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:04-CV-506 PS—**Philip P. Simon**, *Judge*.

_____

ARGUED FEBRUARY 22, 2008—DECIDED MARCH 10, 2008

_____

Before EASTERBROOK, *Chief Judge*, and BAUER and POSNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.  Asher Hill entered a liquor store in Indianapolis, shot the clerk, and stole the contents of the cash register. For this conduct he has been convicted of several offenses and sentenced to life imprisonment without possibility of parole, because his many convictions make him a habitual offender under Indiana law. The clerk survived and was prepared to testify against Hill but suffered a heart attack just before trial. The judge postponed the trial for two months; Hill contends, in this

proceeding under 28 U.S.C. §2254, that by doing this the judge violated two of his constitutional rights. The state judiciary rejected these arguments, *Hill v. State*, 773 N.E.2d 336 (Ind. App. 2002), 777 N.E.2d 795 (Ind. App. 2002), as did a federal district judge, *Hill v. McBride*, 2006 U.S. Dist. LEXIS 39599 (N.D. Ind. Mar. 30, 2006).

Hill invokes the speedy trial clause and the right to choose between counsel and self-representation. The state judge violated both rights at once, he maintains, by deferring the trial until the clerk had recovered. Hill, who was representing himself in the state proceedings, opposed the delay on the basis of the state's speedy-trial statute, which provides that a trial may not be postponed on account of a missing witness when the defendant agrees that the prosecutor may use, as evidence, the prosecutor's version of what the witness would say if available to testify. Ind. Code §35-36-7-2(b)(1). Hill agreed that the prosecution could introduce a narrative summarizing the clerk's likely testimony. Evidently he thought that such an antiseptic presentation would resonate less with the jury than the appearance in court of a victim who would identify Hill as the assailant and add details that might be omitted from a summary. The trial judge refused to proceed, however, stating that he thought it inappropriate to conduct a proceeding that could end in life imprisonment without the principal victim and witness. The state's appellate court held this decision a mistake, given §35-36-7-2(b)(1), but affirmed the conviction because Hill received a fair trial that satisfied all constitutional requirements.

Hill insists that the violation of state law also offends the federal Constitution. The speedy-trial clause allows a trial to be postponed for a good reason, he allows, but this

postponement (which lasted 56 days) was for a bad reason—at least as Indiana classifies reasons for delay. Moreover, he maintains, by rejecting his willingness to proceed on a written summary of the clerk's evidence the judge violated his right to self-representation. See *Faretta v. California*, 422 U.S. 806 (1975).

A federal court may afford relief to a state prisoner if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. §2254(d)(1). Hill does not identify any decision of the Supreme Court holding that even remotely comparable events violate the Constitution. Instead he invokes principles of very high generality—such as *Faretta*'s holding that there is a right of self-representation—and argues that these principles cover the waterfront. That's not sound; he might as well point to the Bill of Rights itself. The Supreme Court has held that a right becomes "clearly established" only when a course of decisions has established how the Constitution's grand generalities apply to a class of situations. See, e.g., *Wright v. Van Patten*, 128 S. Ct. 743 (2008); *Carey v. Musladin*, 127 S. Ct. 649 (2006). Indiana did not transgress any right "clearly established" by this standard; indeed, the state court did not commit a constitutional error by *any* standard.

We start with self-representation. A court cannot interpose an unwanted lawyer between the defendant and the tribunal or refuse to accept from the defendant motions that it would entertain if made by counsel. See *McKaskle v. Wiggins*, 465 U.S. 168, 178–79 (1984). The state judge did not do either of these things. Hill can prevail only if the sixth amendment creates a rule that motions made pro se must

be granted (or, perhaps, that no state court may err in ruling on a proposal made by a defendant who represents himself). No decision of the Supreme Court clearly establishes such a right.

The state judge said enough to show that he would have postponed the trial whether or not Hill was representing himself. A request that would be denied, if presented by counsel, may be denied if presented by the accused personally. Hill's argument entails the proposition that, if he had chosen to be represented by counsel, who (like Hill) had consented to the use of a proffer in lieu of testimony, and the judge had postponed the trial nonetheless, then the state would have violated Hill's right to have the assistance of counsel for his defense. The problem that occurred in this proceeding is unrelated to the right to have or abjure counsel's aid. The judge did not refuse to allow Hill to dispense with counsel, or establish a category of arguments that only a lawyer can present, but simply made an error of state law when deferring the trial. And errors of state law do not justify collateral relief under §2254. See, e.g., *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); *Estelle v. McGuire*, 502 U.S. 62 (1991).

As for the right to a speedy trial: Hill enjoyed one. The trial occurred almost exactly one year after Hill's arrest and less than two months after the hearing at which he proposed to dispense with the clerk's testimony. The Supreme Court has never suggested that so brief an interval between arrest and trial violates the Constitution—though it has held that much longer delays do not. See, e.g., *Barker v. Wingo*, 407 U.S. 514 (1972) (five years and three months); *United States v. Loud Hawk*, 474 U.S. 302 (1986) (more than seven years). Hill tries to bootstrap an error of state law into a violation of the Constitution by

arguing that the state law shows that the reason for delay was impermissible. What reasons for delay count as good and bad for constitutional purposes depends, however, on the Constitution rather than state law.

The reason that Hill wants to label a bad one—waiting for the restoration to health of a major witness—is one that the Supreme Court has included in the category of good reasons for delay. See *Barker*, 407 U.S. at 531 ("a valid reason, such as a missing witness, should serve to justify appropriate delay"). Live testimony has value even when the defense prefers a paper substitute:

> [T]he prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, . . . a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it. The authority usually cited for this rule is *Parr* v. *United States*, 255 F. 2d 86 (CA5), cert. denied, 358 U. S. 824 (1958), in which the Fifth Circuit explained that the "reason for the rule is to permit a party 'to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.'" 255 F.2d, at 88 (quoting *Dunning* v. *Maine Central R. Co.,* 91 Me. 87, 39 A. 352, 356 (1897)). . . . Unlike an abstract premise, whose force depends on going precisely to a particular step in a course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once; the account of a shooting that establishes capacity and causation may tell just as much about the triggerman's motive and intent. Evidence thus has force beyond any linear

> scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them.

*Old Chief v. United States*, 519 U.S. 172, 186–87 (1997). States are free to take a different view, but they do so as a matter of their own law. The Constitution's meaning does not change from state to state, and year to year, according to the majority vote of a local legislature.

The best way to conduct analysis under §2254 is to assume that the state wants to act exactly as its officers (including its judges) have done, and then ask whether the federal Constitution countermands that decision. See, e.g., *Gordon v. Degelmann*, 29 F.3d 295, 300–01 (7th Cir. 1994); *United States v. Martin*, 399 F.3d 879 (7th Cir. 2005). The Constitution does not prevent a state from waiting two months for the principal witness (and victim) to recover and testify in person. See *Barker*, 407 U.S. at 521–22 ("If, for example, the State moves for a 60-day continuance, granting that continuance is not a violation of the right to speedy trial unless the circumstances of the case are such that further delay would endanger the values the right protects."). It follows that Indiana has not contravened any clearly established rule of federal law.

AFFIRMED