NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 17, 2008
Decided September 3, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3275

| | |
|---|---|
| DAVID KASTER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Eastern District of Wisconsin |
| *v.* | No. 06 C 944 |
| JUDY P. SMITH, Warden, | |
| *Respondent-Appellee*. | **Rudolph T. Randa**, *Chief Judge* |

**O R D E R**

In 2001, David Kaster, a former high-school swim coach, was convicted in Wisconsin state court of two counts of sexual assault by a school staff member, one count of fourth-degree sexual assault, and one count of disorderly conduct. Kaster appealed one of his convictions for sexual assault by a school staff member, arguing

that he was not a "member of the school staff" as defined in Wis. Stat. § 948.095 at the time he committed the assault because he was no longer under contract.  After exhausting his state court remedies, Kaster filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The district court denied habeas relief, and we affirm.

## I.

David Kaster was the head coach of the boys' and girls' swim teams at Ashwaubenon High School (the "School") in Green Bay, Wisconsin.  Kaster had been involved with the swim teams at the School since 1983.  He began as an assistant coach and eventually became the head coach of the varsity swim teams, a position he held through the 1998-1999 school year. In 2001, Kaster was charged and convicted of several sexual offenses involving four girls whom he had coached at the School.  Most relevant to this appeal is Kaster's conviction on count one of the criminal complaint for sexual assault of a student by a school staff member, in violation of Wis. Stat. § 948.095.[1] Section 948.095 of the Wisconsin Statutes makes sexual contact between a student and a "member of the school staff" illegal.  The statute defines "school staff" as "any person who provides services to a school or a school board, including an employee of a school or a school board and a person who provides services to a school or a school board under a contract."  Wis. Stat. § 948.095(1)(b).

In count one, the criminal complaint alleged that Kaster fondled the breasts of L.J.B.—a 16-year-old girl who was on the swim team Kaster coached—at his home on March 14, 1999.  At trial, Kaster laid out his theory of defense to that count.  According to Kaster, § 948.095 did not apply to his fondling of L.J.B. because he was not a "member of the school staff" on March 14, 1999.  Kaster, who was not a teacher at the School, had a contract with the School to provide services as the swim coach for the 1998-1999 school year.  But Kaster argued, and presented evidence consistent with his argument, that he was no longer under a contractual obligation to provide services to the School as of March 14 because the high school swimming season had ended in mid-

---

[1] Kaster is not contesting the many encounters he had with other members of his swim team that led to his other convictions, including sexual contact on several occasions with S.I.F. during her junior year.  The acts Kaster committed against S.I.F. occurred at the School, Kaster's house, and the hotels where they stayed together while attending swim clinics.

February. In response to Kaster's theory of defense, the state presented evidence that Kaster's contract was for the entire school year and had not expired after the end of the swimming season. It also presented evidence that Kaster continued to provide services to the School as the swim coach even after the season had ended. According to the School's athletic director, Kaster engaged in post-season activities such as fundraising and budget planning, as well as conducting "open swims" at the School's pool.

At the close of evidence, Kaster argued that he could be found guilty under Wis. Stat. § 948.095 only if he was "under contract" on March 14, 1999. Consistent with that argument, Kaster proposed an instruction stating that the phrase "provides services" in § 948.095 did not include a person providing services on a volunteer basis. The trial court rejected Kaster's argument and proposed instruction. It chose to give the standard instruction on the definition of "school staff," the text of which mirrors the statutory definition of "school staff" found in § 948.095(1)(b).[2] The court also gave instructions on the elements of a § 948.095 offense. The language of those instructions mirrored the statutory text of § 948.095 as well.

After the jury convicted him on count one (as well as the other offenses mentioned above), Kaster appealed his conviction on that count and pressed his interpretation of § 948.095 on appeal to the Wisconsin Court of Appeals. That court, like the trial court, rejected Kaster's attempt to limit the phrase "school staff" in § 948.095 to only those who were "under contract" at the time of the commission of the sexual assault and held that the trial court did not err by using the standard jury instruction defining "school staff," which, again, simply matched the statutory language. It then reviewed the evidence at trial and stated: "[T]he evidence at trial was sufficient to allow the jury to conclude that Kaster was providing services to the school or school board when he committed the March 14 assault." *State v. Kaster*, 663 N.W.2d 390, 395 (Wis. Ct. App. 2003) ("*Kaster I*").

Kaster next filed for state collateral relief. He argued that the language from the court of appeals' decision quoted above created a new element for a § 948.095 offense that required a defendant to be providing services to the school at the exact moment of

---

[2] The instruction stated: "'School staff' means any person who provides services to a school or school board, including an employee of a school or school board and a person who provides services to a school or a school board under a contract."

the alleged sexual offense.  Because he was not aware of this "new element" at the time of his trial, Kaster argued that he was denied the right to present a defense and the right to a jury verdict on all the necessary elements of the charged offense.  In a written opinion, the Wisconsin Court of Appeals rejected that argument.  According to the court, the language from its prior opinion "did not create an additional element but instead provided a description of Kaster's relationship with the school for the purpose of analyzing whether Kaster was school staff."  *State v. Kaster*, 714 N.W.2d 238, 240 (Wis. Ct. App. 2006) ("*Kaster II*").  Kaster raised the same issues in his petition for review to the Wisconsin Supreme Court, but that court denied review.

After exhausting his state court remedies, Kaster filed a petition for a writ of habeas corpus in the district court where he renewed his argument that he was denied the right to present a defense and the right to a jury verdict on all the necessary offense elements by the state court of appeals' interpretation of § 948.095 in *Kaster I*.  The district court denied Kaster's petition for a writ of habeas corpus, and Kaster appealed.  We granted Kaster's request for a certificate of appealability and directed the parties to address whether the Wisconsin Court of Appeals' interpretation of § 948.095 created a new offense element and therefore denied Kaster his right to present a defense to that element and his right to be found guilty by a jury on all the elements of the charged offense.[3]

## II.

This court reviews issues of law raised by a petition for writ of habeas corpus de novo.  *Lechner v. Frank*, 341 F.3d 635, 638 (7th Cir. 2003).  "A federal court may afford relief to a state prisoner if the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Hill v. Wilson*, 519 F.3d 366, 368 (7th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  Kaster bears the burden of making that showing. *Lechner*, 341 F.3d at 638.

---

[3] While the order granting the certificate of appealability also asked the parties to brief the issue as to whether § 948.095 is unconstitutionally void for vagueness, Kaster has not pursued that claim.

Kaster does not assert that he did not fondle L.J.B.'s breasts on March 14, 1999. Instead, Kaster claims that the Wisconsin Court of Appeals' interpretation of Wis. Stat. § 948.095 violated two of his clearly established constitutional rights: the right to present a defense and the right to a jury verdict beyond a reasonable doubt on all elements necessary for conviction. *See* Petr.'s Br. at 16-17 (citing, inter alia, *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), and *In re Winship*, 397 U.S. 358, 364 (1970)). Kaster bases those claims on his belief that the Wisconsin Court of Appeals created a new element for a § 948.095 offense when it rejected Kaster's narrow interpretation of § 948.095 in *Kaster I*. In support of his position, Kaster seizes upon the Wisconsin Court of Appeals' statement in *Kaster I* that "the evidence at trial was sufficient to allow the jury to conclude that Kaster was providing services to the school or school board when he committed the March 14 assault." *Kaster I*, 663 N.W.2d at 395; *see also Kaster II*, 714 N.W.2d at 240 ("[T]he statute . . . required that [Kaster] be providing services at the time of the alleged sexual contact . . . ."). Kaster interprets that passage and similar statements as establishing what he calls a "temporal proximity requirement." As we understand Kaster's use of that term, Kaster claims that to convict him, the jury would have had to find either that he was a contract employee or that he was a volunteer and committed the sexual assault while acting in his capacity as a volunteer swim coach. Kaster asserts that he was not on notice before trial that § 948.095 only applied to volunteers who committed a sexual assault while providing services to the school. Because of that alleged lack of notice, and because the jury was not instructed on this so-called "temporal proximity requirement" (i.e., that he could only be convicted as a volunteer if he had committed the sexual assault while he was providing services to a school), Kaster contends that his constitutional rights were impaired.

Kaster's arguments are without merit. First, Kaster is wrong to interpret the Wisconsin Court of Appeals' opinion in *Kaster I* as requiring that Kaster be in the act of providing services to the School at the moment he sexually assaulted L.J.B. If that was what the court meant, then it would have reversed Kaster's conviction on count one, since the evidence showed that Kaster assaulted L.J.B. at his home and not while providing services to the School. But the court did no such thing. A more reasonable interpretation of what the state court of appeals meant when it stated that Kaster "was providing services to the school . . . when he committed the March 14 assault" is that Kaster was still providing services to the School as the swim coach when he sexually assaulted L.J.B. That interpretation is supported by the rest of the court's opinion, which detailed all the evidence presented at trial related to the off-season services

Kaster continued to provide as the swim coach for the School.[4]  *See Kaster I*, 663 N.W.2d at 395.

The Wisconsin Court of Appeals in *Kaster I* and *Kaster II* did seem to believe that some sort of temporal nexus between the sexual assault Kaster committed and the services Kaster provided to the School was required by § 948.095.  But then again, so did everyone else.  At Kaster's trial, both parties proceeded on the assumption that there needed to be such a connection.  Kaster states in his own brief that "the dispute at trial was precisely over whether Kaster was 'school staff' at the time of the alleged sexual contact . . . on March 14, 1999."   Indeed, Kaster's whole defense to count one was that he was not a "member of the school staff" because he was no longer under contract (and therefore no longer "provid[ing] services to a school") at the time the assault occurred.  True, Kaster anchored that defense on his narrow and textually unsupported interpretation of § 948.095, which sought to limit the definition of "school staff" to only those under contract with a school.[5]  But that does not diminish the fact that Kaster's defense also depended on the assumption that there had to be some temporal connection between the assault and Kaster's provision of services to the School.  The Wisconsin Court of Appeals was only echoing what Kaster had assumed to be true both at trial and on appeal when it rejected Kaster's argument that he had to be under contract at the time of the assault and concluded it was enough that he still be providing services to the School, whether voluntary or contractual, at the time of the assault.

An examination of the text of § 948.095 reveals that what everyone assumed to be true about that statute is in fact supported by the statutory language.  A requirement that there be some temporal connection between the sexual assault and the defendant's provision of services to the school can be reasonably deduced from the text of the statute. The statute—and, just as significantly, the instructions given to the jury in this case, which mirror the statutory language—give the elements of the offense in the same

---

[4] Indeed, while Kaster was continuing to provide services to the school, L.J.B. was a member of the team and a student he coached.  She likely would not have been with him at his house were he not her coach.

[5] We note that we have little authority to review the state court's interpretation of its own criminal statute.  *See Schlesinger v. Councilman*, 420 U.S. 738, 755 (1975) (noting that state court "alone can define and interpret state law").

tense.  The statute states that the "defendant *is* a member of the school staff" who "*has* sexual contact" with a child who "*is* enrolled as a student in a school or a school district."  Wis. Stat. § 948.095(2) (emphases added).  Given that statutory language, as well as Kaster's conduct at trial, the Wisconsin Court of Appeals' conclusion in *Kaster II* that "the statute put Kaster on notice that a conviction required that he be providing services at the time of the alleged sexual contact" was reasonable.  At the least, it was not so deficient as to warrant granting habeas relief.  *See Jones v. Wallace*, 525 F.3d 500, 503 (7th Cir. 2008) ("To be unreasonable, the [state court] decision must not only be incorrect, but so incorrect that it lies outside of the range of reasonable conclusions.").

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court denying Kaster's petition for a writ of habeas corpus under 28 U.S.C. § 2254.