NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2009
Decided July 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4260

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

LOUIS HOPKINS, JR.,
    *Defendant-Appellant*.

Appeal from the United States District
Court for the Northern District of Indiana,
Hammond Division.

No. 2:06-CR-110

James T. Moody,
*Judge*.

**O R D E R**

Louis Hopkins, Jr. pleaded guilty to one count of receiving child pornography, *see* 18 U.S.C. § 2252(a)(2), and was sentenced to 210 months' imprisonment. Hopkins now appeals, contending that the court ignored his principal argument at sentencing: namely that a long sentence would be counterproductive to his rehabilitation. Because the record does not reflect that the court adequately considered this argument, we vacate and remand for resentencing.

In June 2006 the police executed a search warrant at Hopkins's residence, recovering more than 8,000 images of child pornography from his computer. About a year later

Hopkins pleaded guilty to receiving child pornography, *see* 18 U.S.C. § 2252(a)(2).  The probation officer then prepared a presentence investigation report, which calculated Hopkins's offense level at 37 and his criminal history category at I, resulting in an advisory guidelines imprisonment range of 210 to 262 months.

Hopkins argued in a written memorandum and at sentencing that he should receive a below-guidelines sentence because, among several other reasons, he was amenable to treatment.  At the sentencing hearing, Hopkins presented the testimony of Tiffany Simpson, Ph.D., a clinical psychologist specializing in sex-offender treatment.  Simpson, who had examined Hopkins on two occasions and conducted psychological testing with him, testified that he was "not a pedophile" and would be "very amenable to treatment." She said that long-term incarceration could be counterproductive to Hopkins's rehabilitation.  Based on these conclusions, Simpson opined that a five-year sentence (the statutory minimum) and lifetime supervised release would be most conducive to his rehabilitation.  Following Simpson's testimony, Hopkins argued against a long sentence in favor of the minimum prison term and lifetime supervised release.  The government, in response, conceded that the statutory minimum sentence of five years was "certainly appropriate" and also asked the court to impose lifetime supervised release.

The district court sentenced Hopkins to 210 months in prison and 15 years' supervised release, making no mention at all of Simpson's testimony.  The court said only that Hopkins's "request for a sentence below the advisory guidelines is not persuasive to this Court, and I choose not to do so because I believe a below guidelines range sentence is not warranted under the facts and circumstances of this case."

Hopkins contends on appeal that the district court ignored his principal argument for a below-guidelines sentence.  A properly calculated guidelines sentence is presumed reasonable, *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008), but a district court must give "meaningful consideration" to the 18 U.S.C. § 3553(a) factors, *see United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).  Although the district court need not address every argument a defendant raises, we have held that the court may not pass in silence over the "principal argument" made by a defendant.  *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).  The sentencing court's failure to address a defendant's principal, nonfrivolous argument may require a remand for resentencing if we cannot be confident in the judge's individualized attention to the § 3553(a) factors.  *See United States v. Jackson*, 547 F.3d 786, 795 (7th Cir. 2008); *United States v. Miranda*, 505 F.3d 785, 794 (7th Cir. 2007).

Here, the district court's conclusory rejection of a below-guidelines sentence gives us insufficient confidence that it considered Hopkins's argument that a long sentence would be counterproductive to his rehabilitation.  Unlike the defendant in *Jackson*, 547 F.3d at 795-96, Hopkins developed and pressed this argument at sentencing.  He offered evidence of the lack of empirical support for a long sentence and cited similar cases in which the sentences did not exceed ten years.  Hopkins then called an expert who testified that he was a good candidate for psychological treatment and that long-term imprisonment would undermine his rehabilitation.  The district court, however, addressed none of these points.  Instead, it simply reiterated that the guidelines were advisory, recited the language of § 3553(a), and dismissed Hopkins's request for a below-guidelines sentence as "not persuasive."  Perhaps the court's perfunctory dismissal of Hopkins's request was an implicit rejection of his principal argument, but it offers us no assurance that the court actually exercised its discretion by considering Hopkins's argument or Simpson's testimony.  *See, e.g.*, *Miranda*, 505 F.3d at 794; *Cunningham*, 429 F.3d at 679.

The government observes that the district court need not "harshly reject" Simpson's testimony or "articulate all of the facts" in making its sentencing decision.  True enough.  But, as in *Miranda*, 505 F.3d at 796, and *Cunningham*, 429 F.3d at 679, Hopkins raised and developed a nonfrivolous argument regarding the propriety of a lengthy sentence for someone with his circumstances and characteristics.  The court's rote statement listing the § 3553(a) factors gives us no assurance that it specifically considered their application as to Hopkins.  The court rejected Hopkins's principal sentencing argument—which he supported with expert testimony—in a single conclusory sentence.  This gives us nothing meaningful to review.  *See Cunningham*, 429 F.3d at 679.

Accordingly, we **VACATE** and **REMAND** for resentencing.