In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-2853

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID CURBY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cr-00173-JTM-01—**James T. Moody,** *Judge.*

ARGUED JANUARY 26, 2010—DECIDED FEBRUARY 26, 2010

Before BAUER, POSNER and KANNE, *Circuit Judges.*

PER CURIAM. David Curby pleaded guilty to distrib-
uting cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to
151 months' imprisonment, the bottom of the guidelines
range. He appeals only his sentence and argues that the
district court failed to adequately evaluate his principal
argument in mitigation. We reject this contention and
affirm the judgment.

Curby's conviction stems from a number of cocaine
sales to an informant in February 2008. After he was

indicted on three counts of distributing cocaine, he pleaded guilty to the third count, which corresponded to the largest of the buys at approximately 2 ounces.

This was not Curby's first conviction. As detailed in the presentence investigation report, Curby, who was 41 years old at the time of sentencing, has an extensive criminal history including convictions for burglary in 1987 and 1991; a conviction for theft in 2001; convictions in 1991, 1995, and 1998 for possessing or trafficking marijuana; a 1995 conviction for evading a police officer; and a 2006 conviction for DUI. He was on state extended supervision—he was considered a "maximum supervision" case—when he committed this federal crime, which resulted in revocation and further imprisonment in state custody. In addition, the addendum to the presentence report details a history of non-compliance with supervision and the terms of probation as a result of Curby "using, possessing and delivering marijuana . . . using cocaine, failing to report to his probation agent, lying to his probation agent, providing a false name to law enforcement and violating no-contact orders." Curby has also failed to comply with programs offered as alternatives to revocation. The probation officer concluded that Curby qualified as a career offender based on his convictions for distributing marijuana, *see* U.S.S.G. § 4B1.1, and recommended a guidelines imprisonment range of 151 to 188 months.

Curby did not object to the presentence report, but he argued that mental illness and the role it played in his criminal activity warranted a below-range sentence of

115 months. In addressing Curby's mental health in the presence report, the probation officer discusses allegations by Curby that he was diagnosed as bipolar while in the custody of the Wisconsin Department of Corrections and was sexually abused as a child by two uncles and an older neighbor boy. At sentencing, Curby explained that his bipolar disorder and the sexual abuse and untreated trauma from that abuse were the underlying causes of his criminal activity and social maladjustment. In support of his argument, he submitted a sentencing memorandum as well as a two-page report from a psychologist, Thomas Moran, who evaluated him at the request of his attorney. The psychologist met with Curby once and reviewed "over 75 pages of Department of Corrections logs, Alcohol and Other Drug Abuse (AODA) reports, psychological assessments, and psychiatric reports." The psychologist concluded that Curby has "polysubstance dependency which is complicated by a co-existing Bipolar Disorder and symptoms consistent with PTSD" stemming from the reported sexual abuse. The psychologist's report was completed after the probation officer had prepared and released the presence report.

At the sentencing hearing the district court listened to the presentation of Curby's attorney, Curby's allocution, and the government's argument focusing on Curby's criminal history and his history of non-compliance with conditions of supervision and related treatment programs. The court noted that it had studied Curby's sentencing memorandum and Dr. Moran's report but rejected Curby's arguments. The court stated that it had

considered "the mitigating circumstances which are set forth in the defendant's sentencing memorandum and Dr. Moran's report" but concluded that, in light of Curby's "extensive criminal record" and the factors under 18 U.S.C. § 3553, Curby's requested sentence was not appropriate. Accordingly, the court sentenced Curby to 151 months' imprisonment.

Curby argues that the district court committed procedural error by not giving due consideration to the mitigating evidence concerning his mental health and history of sexual abuse. Whether the district court followed proper sentencing procedure is a question of law we review de novo. *United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007). The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). "A judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Curby asserts that "the district court failed to provide any explanation as to why it found Dr. Moran's report and the defendant's Sentencing Memorandum unpersuasive." But it is apparent from the record that the court rejected Curby's argument because of his extensive criminal history. Curby said at sentencing that he had turned over a new leaf because he now understood the bases for his actions—the sexual abuse and bipolar disorder—and could now adequately address

them. The district court didn't buy it. In rejecting Curby's argument the district court explained:

> Considering the seriousness of this crime, the defendant's personal history and characteristics, his—it's an extensive criminal record, and all of the relevant factors set forth in Title 18 of the United States Code, Sec. 3553, and the mitigating circumstances which are set forth in the defendant's sentencing memorandum and Dr. Moran's report, and the request for a sentence below the applicable guideline sentencing range that's been made by defense counsel, I do find that the defendant's request for a sentence of [115] months of imprisonment is not persuasive. I choose not to do that because I believe strongly that that type of a sentence is just not warranted under the facts and circumstances of this case.

> The defendant is very articulate. His allocution statement, his statement here today, he's a very bright young man. He's not young anymore. But his criminal history is just the opposite of what he's trying to tell me. Hopefully what he says today is true, but looking at his history, it's hard to believe that you are what you say you are or in your own mind. You're kind of a contradiction.

This discussion of the effect of Curby's criminal history on his argument for mitigation is not lengthy, but was enough. The amount of explanation needed in any particular case depends on the circumstances, *United States v. Harris*, 567 F.3d 846, 853 (7th Cir. 2009), *United States v. Poetz*, 582 F.3d 835, 838 (7th Cir. 2009), and "[l]ess

explanation is typically needed when a district court sentences within an advisory guidelines range," *Harris*, 567 F.3d at 854. Here, the district court sentenced Curby at the very bottom of the range. Accordingly, extensive discussion was unnecessary.

Curby relies on a line of cases from this circuit where we remanded for resentencing. But the cited decisions do not support his argument. In *Cunningham*, the defendant argued at sentencing—like Curby—that his psychiatric problems (and substance abuse) warranted a below-guidelines sentence, but the district court did not mention those impairments when it imposed a sentence at the bottom of the recommended range. *Cunningham*, 429 F.3d at 678. We explained:

> We cannot have much confidence in the judge's considered attention to the factors in this case, when he *passed over in silence* the principal argument made by the defendant even though the argument was not so weak as not to merit discussion, as it would have been if anyone acquainted with the facts would have known without being told why the judge had not accepted the argument. Diminished mental capacity is a ground stated in the sentencing guidelines themselves for a lower sentence. U.S.S.G. § 5K2.13. A judge who *fails to mention* a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight.

*Cunningham*, 429 F.3d at 679 (emphasis added). Unlike in *Cunningham*, here, the district court did not pass over in silence, or fail to mention, Curby's argument. The

district court specifically noted that it had considered "the mitigating circumstances which are set forth in the defendant's sentencing memorandum and Dr. Moran's report." Our opinion in *Cunningham* does not help Curby because in *Cunningham* the point of inquiry was whether or not the district court had considered the defendant's arguments—whether the judge had "exercised his discretion." *Cunningham*, 429 F.3d at 679. We remanded because we could not tell whether the district court had exercised its discretion given that the court had said nothing about the defendant's argument in mitigation. Here, there is no doubt that the district court considered Curby's argument—the district court explicitly said so, citing the psychologist's report.

Curby also relies heavily on an unpublished decision, *United States v. Hopkins*, 338 F. App'x 528 (7th Cir. 2009), which involved the same district judge. In *Hopkins* the defendant had pleaded guilty to one count of receiving child pornography, and the guidelines imprisonment range was 210 to 262 months. *Id*. at 529. The defendant argued for a below-guidelines sentence and presented the testimony of a psychologist who opined that he was amenable to treatment and that long-term incarceration would be counterproductive to rehabilitation. *Id*. The psychologist recommended 5 years (the statutory minimum) with lifetime supervised release, and the government conceded that the statutory minimum would be appropriate. *Id*. Despite the psychologist's testimony and the government's concession, however, the district court imposed a prison term of 210 months. *Id*. The district court made "no men-

tion at all" of the psychologist's testimony and said only that the defendant's request for a lower sentence was "not persuasive" and "not warranted under the facts and circumstances of this case." *Id*.

Curby's reliance on *Hopkins* is to no avail. We remanded for resentencing because the district court—like the district judge in *Cunningham*—offered "no assurance that the court actually exercised its discretion" by considering the defendant's argument or the psychologist's testimony. *Hopkins*, 338 F. App'x at 530. Unlike in *Hopkins*, here, the district court explicitly stated at the sentencing hearing that it had "studied" and "consider[ed]" Curby's sentencing memorandum and, more importantly, "the psychological evaluation of the defendant which was prepared by Dr. Thomas J. Moran." In addition, unlike in *Hopkins* where the district court dismissed the defendant's argument with no explanation save "not persuasive" and "not warranted," *id*., here, the district court specifically cited Curby's criminal history when it rejected the below-guidelines request. Furthermore, the psychologist in *Hopkins* linked the defendant's mental health and rehabilitation to a minimum sentence of 5 years. *Hopkins*, 338 F. App'x at 529. Here, in contrast, Moran's report does not conclude, and *offers no opinion*, that a lesser sentence would be helpful to rehabilitation or decrease the likelihood of recidivism.

The other cases relied on by Curby are unhelpful for the same reason that *Cunningham* and *Hopkins* are inapposite: the district court was either silent about the defendant's argument or else explained the sentence

with nothing more than a rote statement that the court had considered the relevant sentencing factors. *See, e.g., United States v. Villegas-Miranda*, 579 F.3d 798, 801-02 (7th Cir. 2009) (remanding for resentencing where district court passed over in silence defendant's argument for credit for time served in state prison); *Harris*, 567 F.3d at 853-55 (remanding for resentencing where there was no indication that district court had considered defendant's argument in mitigation based on his diabetes).

Here, the district court's discussion showed that it had considered Curby's argument and provided a basis for rejecting it. Under the totality of the circumstances—Curby's extensive criminal history and a psychologist's report that offered no opinion on sentencing—this was enough.

AFFIRMED.