**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 3, 2010
Decided July 28, 2010

**Before**

DANIEL A. MANION,  *Circuit Judge*

TERENCE T. EVANS,  *Circuit Judge*

DIANE S. SYKES,  *Circuit Judge*

| | |
|---|---|
| No. 09-2069 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| United States of America, | |
| *Plaintiff-Appellee*, | No. 08 CR 108-2 |
| *v.* | **Samuel Der-Yeghiayan**, *Judge*. |
| Shaun Chaney, | |
| *Defendant-Appellant*. | |

**O R D E R**

Shaun Chaney was a middle-man in a large mortgage fraud scheme.  He pleaded guilty, and was sentenced to 84 months' imprisonment.  He appeals only his sentence and argues that the district court failed to adequately address his principal argument for mitigation, namely that he cooperated with the government.  Because the sentencing transcript reflects that the district court addressed his principal arguments for mitigating his sentence, we affirm.

Shaun Chaney participated in a large mortgage fraud, spanning two years during the height of the housing bubble. It involved over forty properties and loan amounts in excess of nine million dollars. Chaney was a middle man in the scheme. In this capacity, he found straw buyers for the properties and received kickbacks between ten- to twenty-thousand dollars per deal.

In January 2007, the FBI approached Chaney about his role in the scheme, and he immediately agreed to cooperate. At this time, he was warned that he had to abandon this activity. He pleaded guilty to wire fraud, and the parties contemplated that the government would file a § 5K.1 motion at sentencing because of his cooperation. He told the FBI much about the operation and testified before a grand jury. Despite his candor about the operation, he omitted the fact that after he agreed to cooperate he completed two more fraudulent deals. When the government learned about this, it viewed Chaney's behavior as breach of the plea agreement and notified him that it would not make a § 5K.1 motion for a reduced sentence.

At sentencing, his counsel agreed that Chaney exhibited poor judgment and was not entitled to the benefit of the plea agreement and a § 5K.1 motion. He did argue, however, that his cooperation merited a lesser sentence. When he pronounced his sentence, the judge acknowledged the defendant's argument that his cooperation should be considered a mitigating factor: "The defendant argues that his cooperation is a mitigating factor in this case and a sentence below the advisory guidelines range would be sufficient to serve the purposes of sentencing. However, [Chaney] concedes that he, in fact, did a couple of things subsequently and even though his cooperation was truthful, that he should not have gotten involved in a couple areas that he got involved in." The judge then sentenced him to 84 months' imprisonment. Chaney appeals and argues that the district judge failed to address his argument that his cooperation merited a lower sentence.

II.

A sentencing judge must adequately explain the chosen sentence to allow for meaningful appellate review. Part of this entails addressing the defendant's arguments of recognized legal merit for a lesser sentence. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). And when a judge fails to do so, he "is likely to have committed an error or oversight." *Id.* We review de novo whether the district court followed proper sentencing procedure and addressed the defendant's arguments of recognized legal merit. *United States v. Curby*, 595 F.3d 794, 796 (7th Cir. 2010).

While we require a sentencing judge to address all grounds of recognized factual and legal merit that a defendant raises at sentencing, the amount of comment and explanation given depends on the circumstances of the case. *Id.* at 797. And we look at the transcript for some assurance that the court actually exercised its discretion by considering the defendant's argument. *Id.*

Here, the transcript reveals that the judge gave a fair amount of reasoning for his sentence. He acknowledged Chaney's argument that his cooperation should be considered a mitigating factor; he then countered, "However, [Chaney] concedes that he, in fact, did a couple of things subsequently and even though his cooperation was truthful, that he should not have gotten involved in a couple areas that he got involved in." Here, it is clear what the judge was saying: Chaney had his chance to receive a big benefit for cooperating but his bad choices cost him that. We don't require the judge to use any specific rhetorical formulation to show that he has considered an argument and found it unpersuasive. And we certainly don't require the judge to add a superfluous sentence, "Thus, I reject his argument for a lower sentence based on his cooperation," for us to find he exercised his discretion and rejected the defendant's argument.

The Judge said enough. This fraud amounted to over nine million dollars. And the testimony the government anticipated from Chaney's cooperation was canceled once his subsequent illegal conduct was disclosed. Thus, the judge was well within his discretion to cancel out whatever mitigating considerations Chaney might have received.

III.

Therefore, based on a full review of the record before us, it is clear that the district court exercised his discretion by considering and rejecting Chaney's argument for a lower sentence. The judgment of the district court is **AFFIRMED**.