NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued November 8, 2011
Decided November 16, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1241

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-133 |
| AMANI BOOKER, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Chief Judge*. |

**ORDER**

Amani Booker pled guilty to sex trafficking of a minor. 18 U.S.C. § 1591(a). At his sentencing hearing he argued that he should receive a below-guidelines sentence because (1) he did not believe the minor was under eighteen and (2) the minor was already working as a prostitute when he recruited her. The district court imposed a sentence of 168 months in prison, the bottom of the applicable guidelines range. Booker contends that the district court made procedural errors by not adequately considering his two arguments for a below-guidelines sentence and by referring to a matter that was not in the record. Because the district court adequately addressed Booker's arguments and the out-of-record reference was harmless, we affirm his sentence.

I.      *Factual and Procedural Background*

Booker and Holly Arnold, a sex worker who worked for Booker, approached M.M. after observing her soliciting prostitution business. Booker asked M.M. how old she was, and she replied "eighteen." He and Arnold asked M.M. for her real age several more times, but neither asked for any identification. M.M. entered Booker's car and went to a hotel with Booker and Arnold. Once there, Booker took nude pictures of her and posted them on the internet along with an advertisement for M.M.'s prostitution services. Arnold taught M.M. how to recognize customers and to refuse to deal with men who asked too many questions. Several men responded to the advertisement, and M.M. participated in at least one prostitution date over the next two days.

Two days after Booker brought M.M. to the hotel room, the hotel manager told a police officer that he suspected that the owner of a particular vehicle was involved in a prostitution business. The officer stopped that vehicle later that day; Booker was driving both Arnold and M.M. in it. M.M. told the police officer she was seventeen. Neither Booker nor Arnold was her parent, and the officer thought M.M. looked like a minor. He took M.M. into custody. At the police station, M.M. gave her real name and date of birth; she was fourteen years old. She described her prostitution activities of the previous two days, and the police arrested Booker and Arnold.

Booker pled guilty to sex trafficking of a minor. 18 U.S.C. § 1591(a) . At sentencing, Booker made two arguments. First, he pointed out that M.M. was already a sex worker when he approached her. Because he did not lure her into prostitution, he argued, he should receive a sentence of 120 months, 48 months below the low end of his guidelines range of 168 to 210 months. Booker also argued that he should receive a sentence below the guidelines range because M.M. appeared older than her fourteen years and he did not believe she was a minor. (Under the statute, lack of knowledge of the minor's age is not a defense if the defendant had "a reasonable opportunity to observe" the victim. See 18 U.S.C. § 1591(c).) In support, Booker relied on an expert report from a pediatrician who opined that a lay person would not be able to conclude with reasonable confidence just from her appearance that M.M. was under 21 years old. The government recommended that Booker receive a sentence of 168 months.

The district court rejected Booker's arguments for a below-guidelines sentence and instead imposed a 168-month sentence. In response to Booker's first argument that he believed M.M. to be eighteen, the court acknowledged the pediatrician's report but found that Booker actually believed that M.M. was under eighteen because he repeatedly quizzed her about her age, showing that he doubted her claim of being eighteen. The court also adopted and relied on facts in the record and the presentence report, which included that (1) Booker did not

demand identification from M.M. to verify her age, even though he usually asks this of his sex workers and sometimes even helps women obtain identification to verify their ages; (2) M.M. was unable to hold an adult conversation; and (3) the police officer who pulled over Booker's vehicle thought that M.M. looked underage. In response to Booker's second argument that M.M. was already a sex worker, the court explained that, even so, Booker and Arnold still victimized her. They published nude photos of her on the internet, "schooled" her about prostitution, and taught her that "what she was selling for $50 could be sold for a lot more."

When sentencing Booker, the court mentioned that Arnold described M.M. as "inappropriately dressed" when Arnold first saw her. This statement is not in the record of Booker's case. (The government believes that Arnold said this during her guilty plea colloquy.) Booker did not object to the court's comment.

II.　　*Analysis*

We review procedural challenges to sentences de novo. *United States v. Aljabari*, 626 F.3d 940, 950 (7th Cir. 2010). At sentencing, a judge should address all arguments that have recognized legal merit. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Booker first argues that the district court procedurally erred by failing to address adequately his argument that he should receive a lower sentence because M.M. was already a sex worker when he approached her. This, he asserts, makes him less culpable than a defendant who initiates a minor into prostitution. It is not clear that it would have been error for the court to fail to say anything about this argument. Booker does not cite any legal authority for his argument, so its legal merit is uncertain. In any event, the court did address the argument and reject it. Although it recognized that M.M. was already a sex worker, the court reasoned that a below-guidelines sentence was not warranted because Booker taught her how to prostitute herself more profitably. He also posted her nude photos on the internet. Both acts victimized her to a new level. This explanation was enough. See *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Booker next argues that the district court did not address sufficiently his argument based on the pediatrician's report that, because a layperson could not confidently determine from her appearance that M.M. was a minor, Booker deserved a below-guidelines sentence. Again, Booker cites no legal authority to support his argument. Regardless, the court specifically addressed the expert's report and rejected it based on the weight of conflicting information in the record. The report was not convincing, the court explained, because Booker repeatedly questioned M.M. about her age, and his dissatisfaction with her answers showed that he must not have believed M.M.'s claim that she was eighteen. The court thus discussed the report adequately by acknowledging it and explaining why it was not persuasive. See

*United States v. Curby*, 595 F.3d 794, 798 (7th Cir. 2010) (deciding that district court did not commit procedural error when it explicitly stated it considered expert opinion, but cited defendant's criminal history in rejecting below-guidelines request).

Last, Booker argues that the district court erred when it mentioned Arnold's statement to Booker that M.M. was "inappropriately dressed" because this statement was not in the record. The statement goes to Booker's knowledge of M.M.'s age, he contends, and without it, the only evidence supporting the court's finding that Booker knew M.M. was a minor is the multiple times that Booker asked M.M. about her age. The government asserts that because Booker did not raise this objection to the district court, this court may review it only for plain error. But a litigant is not required to make an exception to a statement that appears for the first time in the district court's sentencing order or explanation. *United States v. Bradley*, 628 F.3d 394, 399 (7th Cir. 2010); *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009); *United States v. Castro-Juarez*, 425 F.3d 430, 433-434 (7th Cir. 2005). Nevertheless, the harmless-error standard is still applicable. See FED. R. CRIM. P. 52(a); *United States v. Abbas*, 560 F.3d 660, 666 (7th Cir. 2009).

As both parties correctly observe, Arnold's statement was not in the record, so the district court erred by considering it. See *United States v. Ngatia*, 477 F.3d 496, 500 (7th Cir. 2007); *United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005). But the error was harmless because it did not affect the district court's selection of the sentence imposed. See *United States v. Eubanks*, 593 F.3d 645, 655 (7th Cir. 2010). The district court's finding that Booker knew M.M. was under eighteen has ample support in the record. As Booker concedes, he asked M.M. multiple times for her age, reflecting that he disbelieved her claim. The record also shows that Booker avoided demanding valid identification from M.M., even though he usually asks his sex workers for it. That omission suggests that he was consciously avoiding information that he knew could inculpate him. Beyond that, the record also demonstrates that M.M. was unable to carry an adult conversation and that the police could tell that M.M. looked like a minor. When the court explained its sentence as a whole, in terms of the factors under 18 U.S.C. § 3553(a), Arnold's statement played a very minor role. Under these circumstances, we are confident that the error was harmless. See *United States v. Spano*, 476 F.3d 476, 480–481 (7th Cir. 2007) (concluding that procedural errors were harmless when district court record and court's explanation otherwise thoroughly supported sentence).

We therefore AFFIRM the district court's judgment.