In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3296

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANDRZEJ PIETKIEWICZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 CR 767—**Ronald A. Guzmán**, *Judge.*

ARGUED OCTOBER 26, 2012—DECIDED MARCH 21, 2013

Before EASTERBROOK, *Chief Judge,* and CUDAHY and TINDER, *Circuit Judges*.

CUDAHY, *Circuit Judge.* This is a case about how a court must explain its discretionary determinations in criminal sentencing. Defendant-appellant Andrzej Pietkiewicz was charged with mail fraud in violation of 18 U.S.C. § 1341. Pietkiewicz emigrated from Poland in 1990, when he was 17 years old. He had a successful career in auto-body repair. However, Pietkiewicz became involved in a criminal scheme. From 2008-2009,

Pietkiewicz engaged in securing financing with six false identities to buy at least twelve cars. He would make small down payments for the cars, and then abscond with the vehicles. Generally these cars were equipped with tracking systems. No signals from these cars have been detected, indicating that either Pietkiewicz has disabled the tracking systems or that the cars are no longer in the United States.[1] Only one car has been recovered. It was found in Canada, inside a shipping container destined for Europe.

In the course of this scheme, Pietkiewicz traveled to Cleveland in order to acquire a false identification document from a representative of the Ohio Bureau of Motor Vehicles. Pietkiewicz used this fake identity to buy two cars. On June 7, 2010, the Northern District of Ohio sentenced Pietkiewicz to 6 months' imprisonment and 2 years of supervised release for fraud with identification documents.[2] His sentence was discharged in September 2010.

The federal government indicted Pietkiewicz after his release from prison. On December 10, 2010, in the Northern District of Illinois, Eastern Division, Pietkiewicz was charged with mail fraud in violation of 18 U.S.C. § 1341. On March 23, 2011, he pleaded guilty pursuant to a plea agreement. The main issue in this case is what, if any, effect should Pietkiewicz's Ohio offense and time served pursuant to a sentence for it have on his instant sentence.

---

[1] These systems do not transmit signals internationally.

[2] Northern District of Ohio, Docket No. 09 CR 510.

On June 10, 2011, the United States Probation Office issued a Presentence Report (PSR).[3] Pietkiewicz's total offense level was 24. Under U.S.S.G. § 2B1.1(b)(9)(C) (2010), the PSR arrived at level 24 in part from recommending a specific offense characteristic enhancement of 2 because this offense was related to the sophisticated means of creating false documents and identities at issue in Pietkiewicz's Ohio federal case.[4] Pursuant to U.S.S.G. § 2B1.1(b)(12)(A) (2010), the PSR also recommended a specific offense characteristic enhancement of 2 because this offense was related to the organized scheme involved in the Ohio federal case. The PSR also placed Pietkiewicz in criminal history category II based on 2 criminal history points.[5] Based on a total offense level

---

[3] Probation used the 2010 edition of the Guidelines Manual.

[4] The remaining Offense Level calculations were determined as follows: the PSR advised a base offense level of 7, pursuant to U.S.S.G. §2B1.1(a)(1). The PSR recommended a specific offense characteristic enhancement of 14, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), because losses exceeded $400,000 but not more than $1 million. The PSR recommended a specific offense characteristic enhancement of 2, pursuant to U.S.S.G. § 2.B1.1(b)(2)(A)(i), because the offense involved at least ten but fewer than 50 victims. The PSR credited a decrease of 2 levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and for timely acceptance of responsibility under U.S.S.G. § 3E1.1(b).

[5] The PSR reported four previous adult adjudications of guilt. Two were not counted for criminal history points. One of these four previous adjudications of guilt was a minor offense

(continued...)

of 24 and a criminal history category of II, the PSR calculated an advisory Guideline range of 57 to 71 months' imprisonment.

At a hearing, Pietkiewicz moved for a downward variance to his sentence pursuant to U.S.S.G. §§ 5G1.3(b), 5K2.23, because, based on the "sophisticated means" related to his discharged Ohio conviction, his offense level was increased without also crediting a downward variance for the 6 months' time served.[6] The district court denied his motion without explanation. At sentencing, Pietkiewicz reiterated this argument for a downward variance. Additionally, Pietkiewicz argued that his sentence should be reduced because the PSR also considered his conduct in the Ohio case to constitute an "organized scheme" requiring an enhancement. The district court denied the motion for downward variance, adopting the PSR's calculations of a total offense level of 24 and criminal history category of II, and imposing a sentence of 71 months' imprisonment, 2 years'

---

(...continued)

for which a minor sentence was imposed. The remaining excluded offense was the Ohio federal case. Only two 1998 convictions for driving under the influence of alcohol in Cook County, Illinois, were counted for 1 criminal history point each, pursuant to U.S.S.G. § 4A1.1(c).

[6] We note in passing that although the Guidelines use the term "departure," that term is no longer appropriate in light of case law flowing from *United States v. Booker*, 543 U.S. 220 (2005). The Sentencing Commission might do well to consider removing the term "departure" from the entire Guidelines.

supervised release, $428,461.34 restitution and $100.00 special assessment.

Pietkiewicz appeals, arguing that the district court erred by denying his request for a sentence reduction under U.S.S.G. §§ 5G1.3, 5K2.23. The district court had jurisdiction under 18 U.S.C. § 3231. As an appeal from the district court's final order, this court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The decision to deviate or not to deviate from sentencing guidelines is reviewed for abuse of discretion. *United States v. Lucas*, 670 F.3d 784, 794 (7th Cir. 2012). We hold that though the district court may have had good reason for denying the request for a downward variance in this case, the district court erred by not explaining its refusal of the downward variance. We vacate Pietkiewicz's sentence and remand.

I.

On appeal, Pietkiewicz argues that the district court erred by denying his request for a downward variance under U.S.S.G. §§ 5G1.3, 5K2.23, without explanation, even though the court considered his actions in the Ohio offense, for which he had already served a term of imprisonment to be related, and thus used that conduct as the basis of an offense level increase.

A defendant may appeal a sentence imposed under the Sentencing Reform Act of 1984 only if it was imposed in violation of the law, was imposed as a result of an incorrect application of the Sentencing Guidelines or

was otherwise unreasonable. 18 U.S.C. § 3742 (2006). Section 5G1.3(b) of the Sentencing Guidelines explains that sentencing courts should consider if the defendant's present sentence takes into account the sentence imposed in a related case:

> (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b)(1)-(2) (2010).

Although § 5G1.3(b) is not directly applicable to discharged sentences, Application Note 4 of § 5G1.3 explains that sentencing courts can still consider a reduction in a sentence when the service of the earlier sentence was discharged:

(4) Downward Departure Provision.—In the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. *See* §5K2.23 (Discharged Terms of Imprisonment).

Further, Sentencing Guidelines § 5K2.23, Discharged Terms of Imprisonment, states:

A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23 (2010).

Pietkiewicz moved for a downward variance pursuant to U.S.S.G. §§ 5G1.3, 5K2.23, to account for the discharged 6-month imprisonment for his Ohio conviction. A downward variance for a discharged term of imprisonment may be appropriate when § 5G1.3(b) would have provided for an adjustment if the completed prison sentence was not discharged when defendant was sentenced in the present case. Section 5G1.3(b) conditions

an adjustment in a presently imposed prison term on the defendant's serving a prison term for another offense that the court is counting as relevant conduct for the present offense, and that is increasing the defendant's offense level for the present offense based on that prior conduct.

The condition involving an increase in offense level found in § 5G1.3(b) applies in this case. The Ohio offense was considered relevant conduct in enhancing Pietkiewicz's offense level. Specifically, the PSR enhanced Pietkiewicz's offense level by 2 due to his use of "sophisticated means" to create false documents and identities—one of which was the basis of the Ohio offense. The district court denied Pietkiewicz's presentence motion without explanation.

At sentencing, Pietkiewicz again made a motion for a sentence reduction based on the "sophisticated means" enhancement. Additionally, Pietkiewicz argued that a reduction was appropriate under U.S.S.G. § 5K2.23 because the PSR recommended an additional 2-point enhancement for participating in an "organized scheme" to steal cars, based on the conduct that gave rise to the Ohio conviction. The district court denied Pietkiewicz's motion for a downward variance, again, without explanation.

A court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Robertson*, 662 F.3d 871, 880 (7th Cir. 2011); *United States v. Kilgore*, 591 F.3d 890, 893 (7th

Cir. 2010). The amount of explanation required from the district court varies with the circumstances. *United States v. Curby*, 595 F.3d 794, 797 (7th Cir. 2010). Thus, the "more obvious the reasons for the sentence, the less the need to announce them." *United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011). "When a matter is as conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States*, 551 U.S. 338, 359 (2007). However, while this court does not require a comprehensive discussion of every factor affecting the sentencing judge's decision, it must provide some explanation and "address nonfrivolous sentencing arguments." *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009).

In its denial of the motion for downward variance, the court only stated generally that in calculating the sentence it considered the PSR, the submissions of the parties and the arguments and evidence introduced at sentencing. The record is silent on the district court's reasoning for possibly using Pietkiewicz's conduct from the Ohio offense to enhance Pietkiewicz's sentence but denying a sentence reduction based on that same Ohio imprisonment term. Of course, Pietkiewicz used five other false identities in order to secure financing to purchase ten additional cars, so it is possible that the district court felt the Ohio offense had no impact on the sentencing, one way or the other. While the district court may have had valid reasons for denying Pietkiewicz's sentence reduction, this court cannot de-

termine what they are from the record or that the court considered Pietkiewicz's arguments for downward variances. For these reasons, the district court erred in denying, without explanation, Pietkiewicz's motion for a downward variance based on his related Ohio federal case. We therefore vacate Pietkiewicz's sentence and remand the case to the district court so the court can evaluate Pietkiewicz's motion for downward variance in sentencing pursuant to U.S.S.G. §§ 5G1.3, 5K2.23 and explain the reasoning for its decision with respect to that motion.

VACATED and REMANDED.