**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 4, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1423

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> SHAUN CHANEY, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 CR 108-2 <br><br> Samuel Der-Yeghiayan, <br> *Judge*. |

**O R D E R**

Shaun Chaney recruited straw buyers and helped them submit fraudulent loan applications as part of a scheme that generated more than $9 million in mortgage loans. He pleaded guilty to wire fraud, *see* 18 U.S.C. § 1343, and was sentenced to 84 months' imprisonment. He also was ordered to pay the lenders more than $3 million in

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

restitution. *See id.* § 3663A(b)(1). We affirmed his sentence on direct appeal (Chaney did not raise any issue about restitution). *United States v. Chaney*, 390 F. App'x 572 (7th Cir. 2010). Chaney then moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied that motion, *United States v. Chaney*, No. 10 C 5999 (N.D. Ill. Dec. 8, 2010), and we declined to issue a certificate of appealability, *Chaney v. United States*, No. 11-3782 (7th Cir. June 18, 2012).

One month shy of the fourth anniversary of his guilty plea, Chaney filed a motion challenging the calculation of restitution. That motion purportedly rests on newly discovered (though unidentified) evidence and cites as authority Federal Rule of Criminal Procedure 33. The district court denied the motion without waiting for the government to respond. The court reasoned that a Rule 33 motion premised on newly discovered evidence must be brought within three years of a guilty plea. *See* FED. R. CRIM. P. 33(b)(1) (requiring motions to be filed within three years of "verdict or finding of guilty"); *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (explaining that Rule 33 is unavailable to defendants who plead guilty and, at all events, the time for bringing motions under that rule begins running "'after verdict or finding of guilty,' not imposition of sentence"). Moreover, the court noted, Chaney had not identified any newly discovered evidence.

The government contends that Chaney's submission actually is a second § 2255 motion that should have been dismissed as successive. *See* 28 U.S.C. §§ 2255(h), 2244. The filing should have been dismissed, though it is no more a motion under § 2255 than one under Rule 33. An order to pay restitution does not satisfy the "in custody" element of § 2255 and is not subject to collateral review. *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). And Chaney's submission is not a motion under Rule 33, which "deals with contentions that evidence discovered after trial shows that the accused is innocent." *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). Chaney did not have a trial, and neither would a miscalculation of restitution show him to be innocent of wire fraud.

Absent some other statute or rule authorizing review of the restitution portion of Chaney's sentence, the district court lacked subject-matter jurisdiction to decide his motion. *See United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008); *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003); *Romandine v. United States*, 206 F.3d 731, 734–35 (7th Cir. 2000). Chaney is asserting a substantive, not clerical error, *see* FED. R. CRIM. P. 36, and motions to correct sentencing errors must be filed within 14 days, FED. R. CRIM. P. 35(a). And while 18 U.S.C. § 3664(k) permits revision to a payment schedule for

restitution if a defendant's economic circumstances have changed materially, *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008), Chaney asserts nothing of the sort. Thus the district court had no jurisdiction to consider Chaney's request to recalculate the restitution award.

The district court's order is VACATED, and the case is REMANDED with instructions to dismiss Chaney's motion for lack of subject-matter jurisdiction.