NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2014
Decided January 17, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2319

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 13 CR 50009-1 |
| TONY C. HARDY, | |
| *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

## O R D E R

During an 18-month period, Tony Hardy and his underlings made more than a thousand purchases from retail stores using counterfeit checks, and then returned the merchandise for cash refunds. The group worked in several states and amassed more than $212,000, including $2,500 in Arizona where Hardy was prosecuted by state authorities and served 16 months in prison. Federal authorities eventually stepped in

and charged Hardy in the Northern District of Illinois, where he pleaded guilty to wire fraud, 18 U.S.C. § 1343, and aggravated identity theft, *id.* § 1028A. The district court calculated a guidelines imprisonment range of 37 to 46 months for wire fraud plus a mandatory, consecutive 2-year term for identity theft. *See id.* § 1028A(a)(1), (b); U.S.S.G. § 2B1.6. The court sentenced Hardy to a total of 65 months. He filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Hardy has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue discussed in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973 (7th Cir. 2002).

Counsel explains that Hardy does not wish to challenge his guilty pleas. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel identifies only one potential claim for appeal: whether Hardy could argue that the district court should have reduced his prison sentence by 16 months to credit him for the time he served in Arizona. *See* U.S.S.G. §§ 5G1.3(b), 5K2.23. The sentencing guidelines provide for, or at least contemplate, a reduction equal to time served on a prior conviction if two conditions are met. First, the prior offense must be relevant conduct to the defendant's federal crime, and, second, the prior offense must have caused an increase in offense level for the federal crime. *See* U.S.S.G. §§ 5G1.3(b) & cmt. nn. 2(A), 4, 5K2.23; *United States v. Pietkiewicz,* 712 F.3d 1057, 1060–61 (7th Cir. 2013).

Hardy had completed his Arizona term before his federal sentencing, so the guidelines contemplated at most a discretionary downward variance under U.S.S.G. § 5K2.23. *See Pietkiewicz,* 712 F.3d at 1060–61. But Hardy did not satisfy the conditions for that recommended variance. His Arizona offense was relevant conduct to the wire fraud, but the state conviction did not result in any increase in his offense level for the federal offense. As the district court noted, offenders receive a 12-level increase if the amount of loss is between $200,000 and $400,000. U.S.S.G. § 2B1.1(b)(1)(G). Because the total loss was $212,000, excluding the $2,500 stolen in Arizona would not have yielded a lower offense level. Thus, Hardy did not fall within the scope of § 5K2.23.

Still, the district court was free, as a matter of its discretion under 18 U.S.C. § 3553(a), to reduce Hardy's sentence even if § 5G1.3(b) and § 5K2.23 did not apply.

*See United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013); *United States v. Campbell*, 617 F.3d 958, 960 (7th Cir. 2010). The court explicitly recognized that discretion, however, and yet concluded that a lower sentence was not warranted. The court considered the § 3553(a) factors, including Hardy's desire to enter drug rehabilitation and his difficult childhood. On the other hand, the court also noted Hardy's history of violence toward women, his chronic substance abuse, his failure to comply with the terms of past sentences, and his many previous crimes that were not counted toward his criminal history category. The court concluded that a within-guidelines sentence was necessary, and any argument Hardy could make about the judge not reducing his sentence by 16 months would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.