NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 24, 2019
Decided May 15, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2907

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:17-cr-40069-001 |
| BRANDON L. SANCHEZ, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

While police officers were assisting an intoxicated Brandon Sanchez, they discovered a handgun and three baggies of powder cocaine in his pocket. Sanchez pled guilty to unlawful possession of a firearm by a person previously convicted of a felony, 18 U.S.C. § 922(g), and possessing a firearm with an obliterated serial number, *id.* § 922(k). At sentencing, the district court found that Sanchez possessed the handgun in connection with drug trafficking. *See* U.S.S.G. § 2K2.1(b)(6)(B). It also denied Sanchez's request for a downward variance. Because the district court did not clearly err in finding that Sanchez intended to sell drugs and properly rejected Sanchez's reason for requesting a variance (while still imposing a below-guidelines sentence), we affirm the judgment.

Sanchez, a daily cocaine user, says that on the day of his arrest he had decided to take his own life. He took a gun from his closet and ingested multiple controlled substances. Galesburg, Illinois police officers responded to a call about an intoxicated person on the street and encountered Sanchez, attempting (and failing) to stay upright, with the handle of the gun protruding from his pocket. The officers handcuffed Sanchez and discovered that the gun was loaded and that its serial number had been removed. In the same pocket, they also found a plastic bag containing three baggies of cocaine weighing 4.8 grams total.

Sanchez was indicted on federal charges and pled guilty, without the benefit of a plea agreement, to unlawful possession of a firearm and possession of a firearm with an obliterated serial number. Sanchez had previously been convicted of at least two crimes punishable by more than one year of imprisonment, including delivery of marijuana in 2011.

At sentencing, the government sought a four-level enhancement for possessing a firearm "in connection with another felony offense," U.S.S.G. § 2K2.1(b)(6)(B), namely, drug trafficking or possession. Once the government establishes that the defendant was trafficking drugs, the enhancement automatically applies if law enforcement officials found the firearm in close proximity to the drugs. *Id.* § 2K2.1 cmt. n.14(B). The government argued that Sanchez's three packets of cocaine totaling 4.8 grams in weight proved that he intended to traffic drugs, so the gun's proximity (in the same pocket) triggered the enhancement. In the alternative, the government argued that Sanchez possessed the gun "in connection with" his possession of the cocaine. *See* U.S.S.G. § 2K2.1(b)(6)(B).

Sanchez objected to the enhancement because, he said, the government did not prove by a preponderance of the evidence that he intended to sell the cocaine or that his possession of the gun was connected with his possession of the drug. He emphasized that he did not have a large amount of cocaine (the weight of 4.8 grams included the packaging), a large sum of money, or any tools of the trade. And he argued that the evidence that the cocaine was divided into three baggies was insufficient to prove trafficking.

The district court agreed with the government's first justification for the enhancement: that Sanchez intended to sell the drugs and therefore the gun's proximity to the drugs triggered the enhancement. It did not decide whether the gun facilitated his possession. The court determined that Sanchez intended to sell the cocaine because

"it's rare to see a case, if ever, where a personal user specifically of cocaine and especially a heavy user would have a wholesale amount of drugs as opposed to just one retail use." The court then noted that Sanchez had two previous marijuana-trafficking convictions, making it likely that he was selling drugs again. (The court later corrected itself—Sanchez had only one trafficking conviction.)

The court calculated a Guidelines range of 100–125 months' imprisonment. Sanchez then requested that the court vary downward from the Guidelines range because, among other reasons, the base offense level overstated the threat he posed and his criminal history category overstated his record. The court rejected those arguments, noting in particular that his criminal history did not reflect his numerous failures at probation. The court sentenced Sanchez to 96 months in prison for unlawful possession and 60 months for the obliterated serial number, to be served concurrently.

On appeal, Sanchez challenges both the district court's application of the enhancement under § 2K2.1(b)(6)(B) and its denial of his request for a downward variance. We review a district court's findings of fact for clear error and its application of the Guidelines to those facts *de novo*. *United States v. Sandidge*, 784 F.3d 1055, 1061 (7th Cir. 2015). Findings of fact are clearly erroneous only if a review of all the evidence leaves us with a "definite and firm conviction" that the district court made a mistake. *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007).

Sanchez contends that the decision to apply the § 2K2.1(b)(6)(B) enhancement is tainted by the district court's inaccurate statement that he had two prior drug-trafficking offenses. Defendants have a due-process right to be sentenced based on accurate information, *United States v. Oliver*, 873 F.3d 601, 608 (7th Cir. 2017), and a sentencing court that relies on clearly erroneous facts commits "a significant procedural error," *Gall v. United States*, 552 U.S. 38, 51 (2007). But a defendant must show that the court relied on the inaccurate information by giving it explicit attention or by founding the sentence at least in part on it. *United States v. Salinas*, 365 F.3d 582, 586 (7th Cir. 2004). Here, the district court initially gave Sanchez's "two" convictions "explicit attention," but it later corrected its mistake. The court therefore did not rely on inaccurate information. *See Lechner v. Frank*, 341 F.3d 635, 640 (7th Cir. 2003).

More substantially, Sanchez argues that the government did not prove by a preponderance of the evidence that he intended to traffic the cocaine in his pocket. *See Sandidge*, 784 F.3d at 1062. The district court reached its decision based on the gross weight of the drugs and their packaging, Sanchez's previous drug-trafficking offense,

and his possession of a loaded gun in the same pocket. It also focused on its belief that a heavy personal user of cocaine would rarely carry what it referred to as "a wholesale amount of drugs." True, the court did not explain the basis for its conclusion that 4.8 grams is a "wholesale amount," and the government did not produce evidence or cite any authority about what quantity of powder cocaine is a distribution amount. Additionally, Sanchez's single previous trafficking offense involved marijuana, not cocaine, and had occurred six years earlier; and he had no other trafficking accoutrements, such as cash, scales, or cutting agents.

Nevertheless, the district court's interpretation of the facts is not "implausible, illogical, internally inconsistent or contradicted by documentary or other extrinsic evidence." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013) (quoting *EEOC v. Sears Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988)). The court based its decision on evidence, and it presumably applied its own experience and knowledge to the facts before it to conclude that Sanchez intended to sell the drugs in his pocket. *See Edmond v. United States*, 899 F.3d 446, 455 (7th Cir. 2018). Thus, the court did not clearly err in choosing one permissible view of the evidence over the other. *See United States v. Markovitch*, 442 F.3d 1029, 1031 (7th Cir. 2006).

In any event, the court's finding did not impact the final sentence. We have encouraged district judges, when resolving close issues under the Guidelines, to explain on the record any alternate grounds for the sentence under 18 U.S.C. § 3553(a). *United States v. Sanner*, 565 F.3d 400, 406 (7th Cir. 2009). We will affirm a sentence despite significant procedural error if the district court provides "firm assurance" that the error did not affect the sentence. *United States v. Zahursky*, 580 F.3d 515, 528 (7th Cir. 2009). Here, before announcing the sentence, the district court said that, regardless of the enhancement, it believed that "a sentence at that range" would still be appropriate because "there is a danger when people are possessing a distribution amount of drugs" while on the streets with a gun. We have concluded that procedural error was harmless even when the district court made its "even if" statement before pronouncing the sentence. *United States v. Rabiu*, 721 F.3d 467, 471 (7th Cir. 2013). And the four-month variation from the bottom of the Guidelines range shows that the district court believed that an eight-year sentence was proper based on Sanchez's overall behavior and history, regardless of the Guidelines range.

Finally, Sanchez argues that the district court improperly denied his request for a downward variance because its conclusion that his criminal-history category did not overstate the seriousness of his record rested on a clearly erroneous fact—that "his

criminal-history score did not reflect that he failed to comply with previously imposed terms of probation." Sanchez points out that one conviction earned him two criminal-history points instead of one because he violated the terms of probation. But nothing the district court said is inconsistent with that fact. As the government argues, the district court stressed that Sanchez's category did not reflect his *pattern* of recidivating while on probation and did not "adequately capture" his non-compliance with court orders during his several probation sentences.

Because the district court did not rely on an inaccuracy, we review the denial of a variance for abuse of discretion. *United States v. Pietkiewicz*, 712 F.3d 1057, 1060 (7th Cir. 2013). Sanchez insists that his criminal-history category overstates the seriousness of his record, but the district court reasonably concluded otherwise. It tied his string of failures to complete supervision successfully and his inability to conform with the law to his likelihood to recidivate (again). And, in explaining the sentence, the district court addressed the factors under 18 U.S.C. § 3553(a), including the seriousness of his crime, the need for specific deterrence, and the need to protect the public. It therefore did not abuse its discretion. *United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011).

AFFIRMED